STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

LAUREN M. HARDING (CABN 308029)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6938
    FAX: (415) 436-7234
    Lauren.Harding@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 4:21-CR-00251 JSW |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| JOSHUA PITTMAN, | |
| Defendant. | |

### I.    INTRODUCTION

On August 10, 2020, the defendant Joshua Pittman, an associate of a criminal street gang, was found with a 22-round high-capacity magazine with an auto sear (which, if operable, converts the gun to a machine gun), along with over 22 live rounds of ammunition. The defendant has an extensive criminal history, including a 2011 conviction for discharging a firearm with gross negligence, along with 2013 convictions for accessory after the fact, bribing a witness, and three counts of witness intimidation. For the latter set of convictions, he received a twelve-year and eight-month prison term. He was on parole for those convictions when found with the firearm and ammunition in August 2020.

On November 22, 2022, the defendant is expected to plea to the sole count in the Indictment of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).

Sentencing is set for that same day.

All parties agree the defendant's guidelines under the U.S. Sentencing Guidelines are 37 to 46 months in prison. The government recommends a sentence of 37 months' imprisonment, which is sufficient but not greater than necessary to achieve the goals of sentencing. A sentence of 37 months takes into account the defendant's serious and extensive criminal history, along with the defendant's early acceptance of responsibility on this case and childhood trauma that help explain (although not excuse) the defendant's actions.

## II.     OFFENSE CONDUCT

At about 7:40 p.m. on August 10, 2020, uniformed Oakland Police Department officers were driving a marked police vehicle in a neighborhood affiliated with the Page Street criminal gang. PSR ¶ 6. They observed a double-parked white Jeep, where the defendant was sitting in the driver's seat with the car door open. *Id.* An officer observed in plain view a black handgun lying on the driver's floorboard, near Pittman's right foot. *Id.* ¶ 7. Pittman seemed to notice the officer's discovery and tried to cover the handgun with his hands and feet. *Id.* The officer instructed Pittman not to move, but Pittman exited the car and began fleeing on foot. *Id.* The officers ran after Pittman. *Id.* An officer tried to tase Pittman to restrain him, but Pittman ran into the officer and deflected the taser. *Id.* The officers were eventually able to restrain and arrest Pittman, who was wearing a fanny pack with ammunition and a window punch. *Id.* During the chase, someone entered the Jeep and fled the scene. *Id.*

The firearm found by Pittman's right foot had a 22-round high-capacity magazine as well as an auto sear (which, if operable, converts the Glock to a machine gun) attached to it. *Id.* ¶ 9. Between this firearm and the ammunition found on Pittman's person in the fanny pack, the following firearm and ammunition were found in Pittman's possession:

- One Glock 27 Gen4 handgun (serial number SUP574);
- One live round of .40 caliber Winchester S&W ammunition;
- Multiple live rounds of ammunition in the 22-round high-capacity magazine attached to the handgun; and
- 21 live rounds of FN 5.7 x 28 mm ammunition.

*Id.*; Plea Agreement ¶ 2.

The defendant was prohibited from possessing those items as a felon. The defendant's prior convictions include, among others, discharging a firearm in a grossly negligent manner, in violation of California Penal Code § 246. *Id.* ¶ 30. They also include accessory after the fact (Penal Code § 32), bribing a witness (Penal Code § 137(a)), and three counts of witness/victim intimidation (Penal Code § 136.1(c)(1)). *Id.* ¶ 10; Plea Agreement ¶ 2. At the time he was arrested on August 10, 2020, Pittman was on parole for those latter set of offenses. The latter set of convictions resulted in a twelve-year and eight-month sentence and followed a murder trial relating to two different victims; the jury hung on the counts relating to one victim and acquitted the defendant for the counts relating to the other victim.

On June 15, 2021, a federal Grand Jury charged Pittman with felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). The parties have reached a plea agreement, set for a change of plea on the same day as sentencing, under Rule 11(c)(1)(A) and (c)(1)(B) of the Federal Rules of Criminal Procedure.

### III. SENTENCING GUIDELINES CALCULATION

The Plea Agreement sets forth the correct U.S. Sentencing Guidelines calculation, which Probation agrees is correct. Plea Agreement ¶ 7; PSR ¶ 3. The correct calculation is:

a. Base Offense Level under U.S.S.G. § 2K2.1(a)(4)(B):    20

   *Offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine and the defendant was a prohibited person at the time the defendant committed the instant offense.*

b. Specific Offense Characteristics    N/A

c. Acceptance of Responsibility under U.S.S.G. § 3E1.1:    -3

d. Total Offense Level:    17

The Base Offense Level of 20 is appropriate because the offense involved a gun with a 22-round capacity magazine and is thus a "large capacity magazine" under the guidelines. *See* § 2K2.1 (application note 2) (defining a firearm capable of accepting a large capacity magazine as one that could accept "more than 15 rounds of ammunition"). As a felon, the defendant was also a prohibited person at the time of the offense. No specific characteristics of the offense apply. The defendant has demonstrated his acceptance of responsibility by pleading guilty and timely notified the government of

his acceptance, justifying a three-level downward adjustment for acceptance of responsibility under § 3E1.1. A three-level adjustment from a base offense level of 20 yields a total offense level of 17.

The defendant and government have reached no agreement on the defendant's criminal history, but U.S. Probation has calculated the defendant's Criminal History Category to be IV, which takes into account the defendant's parole status when committing the instant offense.

A Total Offense Level of 17 and a Criminal History Category of IV yields a Guidelines calculation of 37 to 46 months in prison. Probation has recommended a within-Guidelines sentence of 40 months' imprisonment, followed by three years' supervised release.

## IV.    LEGAL STANDARD

The United States Sentencing Guidelines serve as "the starting point and the initial benchmark" of any sentencing process and are to be kept in mind throughout the process. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007). The overarching goal of sentencing, as set forth by Congress, is for the Court to "impose a sentence sufficient, but not greater than necessary." *Carty*, 520 F.3d at 991 (citation omitted). To accomplish that goal, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), which include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct; and

(4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

## V.    UNITED STATES' SENTENCING RECOMMENDATION

The government recommends a sentence of 37 months' imprisonment, followed by three years of supervised release that include the various special conditions of release recommended by Probation. This sentence is sufficient, but not greater than necessary, to meet the goals of sentencing.[1]

The nature and circumstances of the offense are best considered within the context of the

---

[1] This recommendation complies with the government's promise in its plea agreement to recommend a sentence at the low-end of the Guidelines range.

defendant's criminal history and characteristics. § 3553(a)(1). At the time he was found with the firearm and ammunition on August 10, 2020, the defendant was on active parole out of San Francisco. His parole arose from three particularly serious convictions that resulted in a twelve-year and eight-month term of imprisonment. In other words, despite being on active parole and despite serving a lengthy term of incarceration, the defendant was undeterred from possessing a loaded high-capacity firearm in August 2020.

The firearm Pittman possessed was particularly dangerous. It was a 22-round high-capacity magazine with an auto sear attached to it that, if operable, converts the gun to a machine gun. The defendant had more than 22 live rounds of ammunition, suggesting the defendant was prepared to use the firearm to its full capabilities. The dangers to society by the defendant possessing such a dangerous firearm cannot be overstated. Finally, despite having an active search condition associated with his parole, the defendant fled from the officers, who were compelled to restrain and arrest Pittman using force. The nature of the offense, when viewed against the context of the defendant's criminal history, demonstrates the defendant is still a danger to the community deserving of a sentence of 37 months.

The defendant's 2011 conviction for discharging a firearm with gross negligence, in violation of Penal Code § 246.3(a), PSR ¶ 30, demonstrates the defendant's conduct has gone beyond simple possession of firearms and highlights the need for a custodial term sufficient to deter the defendant from committing additional firearm offenses. § 3553(a)(2). In that case, the defendant served only one year in jail and three years of probation, so a 37 month-term will help reinforce the seriousness of the present offense to the defendant, even though (fortunately) the defendant did not use the firearm in this case. § 3553(a)(3). The defendant's numerous other criminal justice contacts—including an outstanding burglary case out of Santa Clara and a December 2020 search warrant that uncovered additional firearms in a residence Pittman was also found inside—further underline the need for a Guidelines sentence of 37 months.

A sentence of 37 months is sufficient—but not great than necessary—to reach a just result. A low-end Guidelines sentence takes into account the defendant's early acceptance of responsibility on this case, as well as the defendant's childhood trauma. Without repeating the facts Probation identifies, *see* PSR ¶¶ 52-55, 67, the defendant's family life during childhood help explain (although not excuse)

the defendant's bad trajectory in life so far.  The special conditions of supervision recommended by Probation—including vocational training, limited association with gangs, mental health treatment program, and drug testing/treatment—can help set him on the right path.

A term of 37 month also avoids unwarranted sentencing disparities among similarly situated defendants, § 3553(a)(4); the Judiciary Sentencing Information (JSIN) data, which shows a median length of imprisonment of 37 months, PSR ¶ 95.

Finally, the Plea Agreement includes, and Probation recommends, a warrantless search condition.  Plea Agreement ¶ 8; PSR Recommendation ¶ 6.  This search condition is warranted given the defendant's extensive criminal history and the nature of the current offense that involved a high-capacity dangerous firearm.  The condition thus serves the goals of deterrence, public protection, and rehabilitation.  *See United States v. Bare*, 806 F.3d 1011, 1013, 1017 (9th Cir. 2015).

DATED:  11/15/2022                                              Respectfully submitted,

                                                                STEPHANIE M. HINDS
                                                                United States Attorney


                                                                    */s/ Lauren M. Harding*
                                                                LAUREN M. HARDING
                                                                Assistant United States Attorney